**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 24, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-31047
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

THOMAS HECK,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:03-CR-30050-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:*

     Thomas Heck appeals the denial of his motion to suppress
evidence that was discovered as a result of his arrest for pos-
session with intent to distribute methamphetamine.  Heck was
sentenced to 51 months of imprisonment and five years of supervised
release.

     Heck asserts that the government did not establish that the

----

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited cir-
cumstances set forth in 5TH CIR. R. 47.5.4.

law enforcement agents had probable cause to arrest him. He contends that the government did not prove that the informant was reliable and that the purpose of his meeting with the informant was to conduct a drug transaction. Heck asserts that his arrest and the subsequent seizure of evidence from him and from his vehicle violated his rights under the Fourth Amendment. We review the district court's denial of a motion to suppress in the light most favorable to the prevailing party, which in this case is the government. United States v. Mendoza-Gonzalez, 318 F.3d 663, 666 (5th Cir. 2003). Questions of probable cause and reasonable suspicion are questions of law. We review legal conclusions de novo and factual findings for clear error. United States v. Ibarra-Sanchez, 199 F.3d 753, 758 (5th Cir. 1999). We may consider "evidence admitted at both the suppression hearing and the trial." United States v. Jones, 239 F.3d 716, 718 (5th Cir. 2001).

Heck challenges the district court's determination that the informant was reliable and its finding that his purpose for meeting the informant was to conduct a drug transaction. Evidence of telephonic conversations between Heck and the informant, which were overheard contemporaneously by the police, were recorded, and were substantiated by Heck's conduct, supports the determination of reliability. See Illinois v. Gates, 462 U.S. 213, 241-42 (1983). Testimonial evidence from the suppression hearing and Heck's trial supports the finding that the purpose of Heck's meeting with the informant was to conduct a drug transaction.

Accordingly, the finding is plausible in light of the record as a whole and thus is not clearly erroneous. See Mendoza-Gonzalez, 318 F.3d at 666; United States v. Duffaut, 314 F.3d 203, 208 (5th Cir. 2002).

Heck argues that, based on the totality of the circumstances, his arrest was illegal because the police did not have probable cause to believe he was guilty of an offense before the moment when he was seized. The evidence supports the district court's conclusion that, based on reliable information that was subsequently confirmed, the police had probable cause to arrest Heck. See United States v. Ibarra-Sanchez, 199 F.3d 753, 758 (5th Cir. 1999); United States v. Holloway, 962 F.2d 451, 461 (5th Cir. 1992). Furthermore, under the circumstances, the police had a reasonable suspicion that Heck was about to commit an offense; the officers did not violate Heck's constitutional rights. See Ibarra-Sanchez, 199 F.3d at 758-60; Holloway, 962 F.2d at 459-60.

Accordingly, Heck's conviction is AFFIRMED.